UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

---

KAREN PALMA and HALLIE SELGERT,
on behalf of themselves and those similarly situated,

    Plaintiffs,

v.

METROPCS WIRELESS, INC.,

    Defendant.

Civil Action No.: _____
Jury Demanded

---

## NATIONWIDE COLLECTIVE/CLASS ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

---

Plaintiffs, KAREN PALMA and HALLIE SELGERT, ("Plaintiffs"), on behalf of themselves and other employees and former employees similarly situated, by and through undersigned counsel, file this Nationwide Collective/Class Action Complaint against Defendant, METROPCS WIRELESS, INC. ("MetroPCS" or "Defendant"), and state as follows:

### NATURE OF THE ACTION

1. Plaintiffs allege on behalf of themselves and other similarly situated current and former "Account Service Representative" employees of the Defendant, who elect to opt into this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law, (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 et seq; and (iii) entitled to declaratory relief pursuant to 28 U.S.C. §2201.

2. Plaintiff, Karen Palma ("Palma"), further complains on behalf of herself, and a class of other similarly situated current and former Account Service Representative ("ASR") employees

of the Defendant, who worked for Defendant in New York, pursuant to Fed.R.Civ.P.23, that they are entitled to back wages from Defendant for overtime work for which they did not receive overtime premium pay as required by the New York Labor Law §§ 650 et seq. ("NYLL") and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

3. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq.*, hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

4. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

5. This Court has jurisdiction over the NYLL claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in this Court because Plaintiffs worked for Defendant within this District, Defendant maintains business operations within the District, and the events giving rise to the claims arose in a substantial part within this District.

7. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

8. At all times material hereto, Palma has worked for Defendant as a non-exempt Account Service Representative ("ASR").

9. Palma worked as an ASR for Defendant throughout Bronx County, New York, from January 8, 2009 until September 10, 2010. Thereafter, from September 13, 2010 until the present, Palma has worked as an ASR for Defendant throughout the Tampa, Florida area.

10. Plaintiff, HALLIE SELGERT ("Selgert"), has worked for Defendant as a non-exempt

ASR, in the Tampa, Florida area, from approximately October 2005, to the present.

11. At all times material hereto, MetroPCS was and continues to be a Delaware Corporation, with its corporate headquarters located in Richardson, Texas.

12. MetroPCS is the fifth largest facilities-based wireless broadband mobile communications provider in the United States, based on the number of customers served. As of December 31, 2011, MetroPCS had over 9.3 customers.

13. MetroPCS offers wireless broadband services under the MetroPCS brandname in selected major metropolitan areas in the United States.

14. MetroPCS provides a variety of wireless broadband services to its customers on a no long-term contract, paid-in-advance basis.

15. All of MetroPCS' services are provided through its wholly-owned subsidiaries. These subsidiaries include: MetroPCS California, LLC, MetroPCS Florida, LLC, MetroPCS Georgia, LLC, MetroPCS Massachusetts, LLC, MetroPCS Michigan, Inc., MetroPCS Nevada, LLC, MetroPCS New York, LLC, and MetroPCS Pennsylvania, LLC (collectively the "subsidiaries").

16. At all times relevant hereto, MetroPCS and its aforementioned wholly-owned subsidiaries operated, and continue to operate, as one "joint enterprise," within the meaning of the FLSA.

17. At all times relevant hereto, MetroPCS and its aforementioned wholly-owned subsidiaries operated, and continue to operate, as an "integrated enterprise," within the meaning of the FLSA.

18. At all times material hereto, Defendant and its aforementioned wholly-owned subsidiaries were Plaintiffs' "joint employers" within the meaning of the FLSA.

19. At all times material hereto, MetroPCS operated all of its aforementioned

*subsidiaries*.

20. At all times material hereto, MetroPCS co-mingled the assets of all of its wholly-owned subsidiaries together and reported the earnings of same collectively.

21. At all times material hereto, MetroPCS funded all of the subsidiaries from a common fund.

22. At all times material hereto, MetroPCS jointly employed the same employees, in the same or similar role, simultaneously as one joint enterprise.

23. At all times material hereto, MetroPCS and all of its aforementioned subsidiaries, all maintained their principal place of business at 2250 Lakeside Boulevard, Richardson, Texas.

24. At all times material hereto, MetroPCS and all of its aforementioned subsidiaries had common senior officers and/or management.

25. At all times material hereto, Roger Linquist ("Linquist") jointly and simultaneously served and continues to serve as the Chairman and Chief Executive Officer of MetroPCS and all of the aforementioned subsidiaries.

26. At all times material hereto, Mark Stachiw ("Stachiw") jointly and simultaneously served and continues to serve as General Counsel, Secretary and Vice Chairman of MetroPCS and of all of the aforementioned subsidiaries.

27. At all times material hereto, Thomas Keys ("Keys") jointly and simultaneously served and continues to serve as President and Chief Operating Officer of MetroPCS and of all of the aforementioned subsidiaries.

28. At all times material hereto, J. Braxton Carter ("Carter") jointly and simultaneously served and continues to serve as Chief Financial Officer and Vice Chairman of MetroPCS and of all of the aforementioned subsidiaries.

29. At all times material hereto, Malcolm Lorang ("Lorang") jointly and simultaneously

served and continues to serve as Senior Vice President and Chief Technology Officer of MetroPCS and of all of the aforementioned subsidiaries.

30. At all times material hereto, Christine Kornegay ("Kornegay") jointly and simultaneously served and continues to serve as Senior Vice President, Controller, and Chief Accounting Officer of MetroPCS and of all of the aforementioned subsidiaries.

31. At all times material hereto, Tom Currier ("Currier") jointly and simultaneously served and continues to serve as Senior Vice President, Human Resources of MetroPCS and of all of the aforementioned subsidiaries.

32. At all times material hereto the aforementioned joint employees: Linquist, Stachiw, Keys, Carter, Lorang, Kornegay, and Currier, and others received one paycheck, from one MetroPCS for each pay period, despite the fact that they performed work for all of the subsidiaries on a day-to-day and week-to-week basis.

33. At all times relevant hereto, MetroPCS and its aforementioned subsidiaries shared one common internet domain, http://www.metropcs.com.

34. At all times relevant hereto, MetroPCS and its aforementioned subsidiaries shared and maintained a common website. See http://www.metropcs.com/metro/maps/coverage-map.jsp.

35. At all times relevant hereto, MetroPCs and its aforementioned subsidiaries shared one common general counsel, Mark Stachiw.

36. At all times relevant hereto, MetroPCS and its aforementioned subsidiaries shared common corporate offices.

37. At all times relevant hereto, MetroPCS and its aforementioned subsidiaries shared a common telephone number for their corporate offices.

38. At all times relevant hereto, MetroPCS and its aforementioned subsidiaries shared a common mailing address for their corporate offices.

39. At all times relevant hereto, MetroPCS and its aforementioned subsidiaries shared common lines of credit or accounts with one or more vendors, such as Samsung, LG, and other cellular phone manufacturers.

40. At all times relevant hereto, MetroPCS and its aforementioned subsidiaries utilized the same proprietary "Midas" computer system.

41. At all times relevant hereto, MetroPCS and its aforementioned subsidiaries engaged in related operations. Specifically, MetroPCS and its aforementioned subsidiaries engaged in selling and servicing MetroPCS' wireless and broadband products and services.

42. At all times relevant hereto, MetroPCS and its aforementioned subsidiaries had the common business purpose of selling and servicing MetroPCS' products and services under the MetroPCS brand name.

43. At all times relevant hereto, MetroPCS and its aforementioned subsidiaries maintained a network of hundreds of company owned and "exclusive" authorized stores, as well as authorized multiple-carrier dealer stores in nineteen metropolitan markets, spread throughout the United States, all of which jointly serviced MetroPCS' consumers/customers simultaneously. *See* http://www.metropcs.com/metro/maps/coverage-map.jsp.

44. At all times relevant hereto, Plaintiffs, and those similarly situated to them, were responsible for supporting the aforementioned MetroPCS stores and authorized dealer stores.

45. MetroPCS was and continues to be Plaintiffs' "employer" within the meaning of FLSA.

46. MetroPCS and its aforementioned subsidiaries were and continue to be Plaintiffs' "joint employer" within the meaning of the FLSA.

## COVERAGE

47. At all times material hereto, Plaintiffs were "employees" of MetroPCS within the meaning of FLSA.

48. At all times material hereto, MetroPCS was and continues to be "an enterprise engaged in commerce," within the meaning of FLSA.

49. At all times material hereto, MetroPCS and its aforementioned subsidiaries were, collectively, and continue to be a joint enterprise "engaged in commerce," within the meaning of the FLSA.

50. To that end, MetroPCS owns, operates and maintains a wireless network throughout the United States, and simultaneously operates its stores throughout multiple states.

51. At all times material hereto, MetroPCS and its aforementioned subsidiaries were and continue to be a joint enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

52. The annual gross revenue of MetroPCS was in excess of $500,000.00 per annum during the relevant time periods.

53. At all times material hereto, MetroPCS had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

54. At all times hereto, Plaintiffs were engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

55. The additional persons who may become plaintiffs in this action are/were employees who worked as ASRs for MetroPCS and its aforementioned subsidiaries, who held non-exempt ASR positions similar to Plaintiffs and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods, but who did not receive proper pay at one and

one-half times their regular rate for their hours worked in excess of forty (40) hours.

56. At all times material hereto, the work performed by the Plaintiffs was directly essential to the business performed by MetroPCS.

## COMMON FACTUAL ALLEGATIONS

57. During their employment with MetroPCS, Plaintiffs and those similarly situated employees were not paid complete overtime compensation due to the common practice and procedures of MetroPCS, whereby MetroPCS uniformly classified, and continues to classify, all of its ASR employees as exempt from overtime under the FLSA.

58. Plaintiffs and other similarly situated ASRs were all paid a salary plus commissions.

59. Plaintiffs and other similarly situated ASRs all worked in excess of forty (40) hours in one or more workweeks, during the time periods relevant to the instant claims.

60. When Plaintiffs and other similarly situated ASRs worked overtime hours, they were not paid any overtime premiums.

61. Thus, Plaintiffs and other similarly situated ASRs have been routinely underpaid the overtime compensation they earned.

62. The additional persons who may become plaintiffs in this action are employees who held ASR positions similarly to those held by Plaintiffs, who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods and were subject to the same illegal pay practices and procedures.

63. Contrary to the requirements of the FLSA, MetroPCS failed to keep any record of the hours Plaintiffs worked, or of the hours worked by any of its similarly situated ASRs.

64. From three years prior to the initiation of this action, MetroPCS failed to compensate Plaintiffs and other similarly situated ASRs at a rate of one and one-half times their regular rate for all hours worked in excess of forty (40) hours in a single work week.

65. Plaintiffs should be compensated at the rate of one and one-half times Plaintiffs' regular rate for those hours that Plaintiffs worked in excess of forty (40) hours per week, as required by the FLSA.

66. MetroPCS has violated Title 29 U.S.C. §207 and the NYLL in that:

   a. Plaintiffs worked in excess of forty (40) hours per week for the period of employment with MetroPCS;

   b. No payments or provisions for payment have been made by MetroPCS to properly compensate Plaintiffs at the statutory rate of one and one-half times Plaintiffs' regular rate for those hours worked in excess of forty (40) hours per work week, as provided by the FLSA and the NYLL; and

   c. MetroPCS has failed to maintain proper time records as mandated by the FLSA and the NYLL.

67. Plaintiffs have retained the law firm of MORGAN & MORGAN, P.A. to represent them in the litigation and have agreed to pay the firm a reasonable fee for its services.

## COLLECTIVE ACTION ALLEGATIONS

68. Plaintiffs and the class members were all ASRs and performed the same or similar job duties as one another in that they provided non-exempt promotional and production-type services for MetroPCS.

69. Further, Plaintiffs and the class members were subjected to the same pay provisions in that they were paid a salary, plus additional compensation, but not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek. Thus, the class members are owed overtime wages for the same reasons as Plaintiffs.

70. MetroPCS' failure to compensate employees for hours worked in excess of 40

hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that its ASRs are/were paid for overtime hours worked based on the MetroPCS' erroneous misclassification of its ASR employees as exempt from overtime.

71. This policy or practice was applicable to Plaintiffs and the class members. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiffs or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiffs applies to all class members. Accordingly, the class members are properly defined as:

> **All Account Service Representatives (ASRs) who worked for MetroPCS nationwide within the last three years who were not compensated at time-and-one-half for all hours worked in excess of 40 hours in one or more workweeks**

72. MetroPCS knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiffs and the class members.

73. MetroPCS did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

74. During the relevant period, MetroPCS violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

75. MetroPCS has acted willfully in failing to pay Plaintiffs and the class members in accordance with the law.

76. MetroPCS has failed to maintain accurate records of Plaintiffs' and the class

members' work hours in accordance with the law.

## CLASS ALLEGATIONS

91. Palma sues on her own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

92. Palma brings her New York Labor Law claim on behalf of all persons who were employed by MetroPCS at any time since March, 2007, to the entry of judgment in this case (the "Class Period"), who were non-exempt ASR employees within the meaning of the New York Labor Law and have not been paid for hours actually worked as well as overtime wages as required, in violation of the New York Labor Law (the "Class").

93. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of MetroPCS, upon information and belief, there are over a hundred members of the Class during the Class Period.

94. Palma's claims are typical of the claims of the Class, and a class action is superior to other available methods of fair and efficient adjudication of the controversy - - particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a large corporate defendant.

95. MetroPCS has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

96. Palma is committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

97. Palma has the same interests in this matter as all other members of the class and Palma's claims are typical of the Class.

98. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    a. whether MetroPCS employed the members of the Class within the meaning of the NYLL;

    b. whether MetroPCS failed to keep true and accurate time records for all hours worked by Palma and members of the Class;

    c. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

    d. whether MetroPCS failed and/or refused to pay the members of the Class premium pay for hours worked in excess of forty hours per workweek within the meaning of the NYLL;

    e. whether MetroPCS is liable for all damages claimed hereunder, including but not limited to, costs, disbursements and attorney's fees; and

    f. whether MetroPCS should be enjoined from such violations of the New York Labor Law in the future.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

99. Plaintiffs reallege and reaver paragraphs 1 through 76 of the Complaint as if fully set forth herein.

100. From at least March 2010 and continuing to date, Plaintiffs have worked in excess of the forty (40) hours per week for which Plaintiffs were not compensated at the statutory rate of one and one-half times Plaintiffs' regular rate of pay.

101. Plaintiffs were, and are entitled to be paid at the statutory rate of one and one-half times Plaintiffs' regular rate of pay for those hours worked in excess of forty (40) hours.

102. At all times material hereto, MetroPCS failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

103. To date, MetroPCS continues to fail to pay its ASR employees their FLSA-mandated overtime pay, despite its recognition that their position is non-exempt and they are therefore entitled to same.

104. MetroPCS' actions in this regard were/are willful and/or showed/show reckless disregard for the provisions of the FLSA as evidenced by its continued failure to compensate Plaintiffs at the statutory rate of one and one-half times Plaintiffs' regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

105. MetroPCS has failed to properly disclose or apprise Plaintiffs of Plaintiffs' rights under the FLSA.

106. Due to the intentional, willful, and unlawful acts of MetroPCS, Plaintiffs suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

107. Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW

108. Plaintiff, Palma, on behalf of herself and the members of the Class, reallege and incorporate by reference paragraphs 1 through 67 and 91 through 98 as if they were set forth again herein.

109. At all relevant times, Palma and the members of the Class were employed by MetroPCS, in the State of New York, within the meaning of the New York Labor Law §§ 2 and 651.

110. MetroPCS willfully violated Palma's rights and the rights of the members of the Class, by failing to pay them proper compensation for all hours worked each workweek, as well as for overtime compensation at rates no less than one and one-half times the regular rate of pay for each house worked in excess of forty hours in a workweek, in violation of the New York Labor Law and its regulation.

111. MetroPCS' New York Labor Law violations have caused Plaintiff, and the members of the Class, irreparable harm for which there is no adequate remedy at law.

112. Due to MetroPCS' New York Labor Law violations, Plaintiff and the members of the Class are entitled to recover from MetroPCS their unpaid wages, overtime compensation, reasonable attorneys' fees and costs and disbursements of the action pursuant to New York Labor Law § 663(1).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves and all other similarly situated Collective Action Members and members of the Class, respectfully request that this Court grant the following relief:

    a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Palma and her counsel to represent the Class;

    b. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

    c. A declaratory judgment that the practices complained of herein are unlawful under the

FLSA and the New York Labor Law;

d. An injunction against MetroPCS and its aforementioned subsidiaries, officers, agents, successors, employees, representatives and any and all persons in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e. An award of unpaid wages and overtime compensation due under the FLSA and the New York Labor Law;

f. An award of liquidated and/or punitive damages as a result of the MetroPCS' willful failure to pay wages and overtime compensation pursuant to 29 U.S.C § 216;

g. An award of prejudgment and post judgment interest;

h. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

i. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: March 15th, 2013

Respectfully submitted,

_____
ANDREW FRISCH, ESQ.
Florida Bar No. 27777
MORGAN & MORGAN, P.A.
600 N. Pine Island Road, Suite 400
Plantation, Florida 33324
Telephone: (954) 318-0268
Facsimile: (954) 333-3515
E-mail: AFrisch@forthepeople.com

Trial Counsel for Plaintiffs