UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAREN PALMA and HALLIE SELGERT,

       Plaintiffs,

v.                         Case No.  8:13-cv-698-T-33MAP

METROPCS WIRELESS, INC.,

       Defendant.

_____/

**ORDER**

This matter comes before the Court sua sponte. Plaintiffs Karen Palma and Hallie Selgert filed this FLSA case against MetroPCS Wireless, Inc. on March 18, 2013. (Doc. # 1). At this juncture, Plaintiffs seek conditional certification of a class of Account Service Representatives employed by Defendant who were not paid overtime compensation. (Doc. # 33). In a related Motion for Preliminary Injunction (Doc. # 57), Plaintiffs allege that Defendant has penalized Palma in the terms of her employment due to her participation in this action as one of the named Plaintiffs. Palma indicates in a declaration that:

> [O]n March 26, 2013, all ASRs in Tampa were required to attend a meeting where Defendant announced a realignment of the territories. Although no other ASR had a significant change to their territory, I was reassigned to the highest-crime territory in the Tampa area.  In fact, because the area was such a high-crime area, Defendant had never assigned any female ASR the territory, and instead had always assigned male

ASRs there.   Both in the meeting and after, my fellow-ASRs acknowledged that it was clear that the realignment was really just targeting me in an effort to punish me for filing the lawsuit and scare away other ASRs from pursuing their claims.

(Doc. # 57-1 at 3, ¶ 9).[1]

Palma also alleges that "although [Defendant] had never done so in my prior 4-plus years of employment, Defendant performed an audit on my travel reimbursement submissions within 1 week of learning of my lawsuit." (Id. at ¶ 10).  She also contends that she has been supervised more closely with "ride alongs" by her supervisor since filing this lawsuit. (Id. at ¶ 11).

In addition, in the Preliminary Injunction Motion, Plaintiffs allege that Defendant has engaged in intimidating activity designed to deter other Account Service Representatives from participating in this action.  Among other allegations, Plaintiffs maintain that "Defendant required many of their current ASRs to execute a cookie cutter Declaration, in which each ASR declares that they do not intend to join the case." (Doc. # 57 at 8).

In response to Plaintiffs' Motion for Conditional

---

[1] Plaintiffs later indicate that Defendant did not follow through with the reassignment of Palma to the high-crime territory.

2

Certification, Defendant tenders a plethora of declarations executed by its Account Service Representatives in which such Account Service Representatives disavow having any interest in participating in this action.  For example, the declaration of Jose Martinez states: "I am aware of how I am classified under the FLSA and compensated by MetroPCS, and I agree with my pay arrangement;" and "I am not aware of any other employee who wants to join the lawsuit, including myself." (Doc. # 56-1 at 6, ¶¶ 19-20).

Plaintiffs' counsel indicates in a declaration that, as a result of Defendant's alleged tactics, several individuals who showed interest in joining the litigation "later reported to me that they had elected not to join the case because they feared retaliation from Defendant and feared for their jobs." (Doc. # 56-2 at 3, ¶ 8).

In the Motion for Preliminary Injunction, Plaintiffs request that the Court direct corrective notice to Defendant's Account Service Representatives "informing the employees that they still have a right to participate even if they signed a declaration" and "explain[ing] the protection against retaliation." (Doc. # 57 at 9).

## Discussion

The Fair Labor Standards Act expressly permits collective

3

actions against employers accused of violating the FLSA's mandatory overtime provisions. 29 U.S.C. § 216(b). The Eleventh Circuit has recommended a two-tiered procedure for district courts to follow in determining whether to certify a collection action under § 216(b). Cameron-Grant v. Maxim Healthcare Servs., Inc., 347 F.3d 1240, 1242 (11th Cir. 2003)(citing Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1218 (11th Cir. 2001)). The first tier, known as the notice stage, is relevant here. "At the notice stage, the district court makes a decision--usually based on the pleadings and any affidavits which have been submitted-- whether notice of the action should be given to potential class members." Id. at 1243.

The Court must determine whether there are other employees who desire to opt-in and whether those employees are similarly situated. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1258 (11th Cir. 2008). Thus, in determining whether it is appropriate to grant conditional certification of a FLSA action, one of the most important factors for the Court to consider is whether other individuals desire to join in the action. As explained in Mackenzie v. Kindred Hospitals East, LLC, 276 F. Supp. 2d 1211, 1220 (M.D. Fla. 2003), certification of a collective action and notice to a potential

4

class is not appropriate to determine *whether* there are others who desire to join the lawsuit.  Rather, a showing that others desire to opt in is required before certification and notice will be authorized by the Court.  Id.

Although Plaintiffs' Motion for Conditional Certification is technically ripe, the Court determines that it would be patently erroneous to make a decision regarding conditional certification during the pendency of the Motion for Preliminary Injunction.  On the present record, it appears that only a handful of individuals desire to participate in the action, while at least 128 of Defendant's current employees have filed declarations indicating that they are not interested in joining the action.  However, Plaintiffs have cast an ominous cloud of suspicion over the generation of the declarations in which Defendant's current employees proclaim their disinterest in joining the present suit.

The Motion for Preliminary Injunction has been referred to the Magistrate Judge for a hearing and for the issuance of a Report and Recommendation.  The Magistrate Judge has scheduled a hearing on the matter for August 6, 2013.  The Court accordingly holds the Motion for Conditional Certification in abeyance pending the determination of the Motion for Preliminary Injunction on the merits.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

The Court holds Plaintiffs' Expedited Motion to Conditionally Certify Collective Action and Facilitate Notice of Potential Class Members (Doc. # 33) in **ABEYANCE** pending resolution of Plaintiffs' Motion for Preliminary Injunction (Doc. # 43).

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 30th day of July, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record