```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION

KAREN PALMA and HALLIE SELGERT,

         Plaintiffs,
v.                                   Case No.  8:13-cv-698-T-33MAP

METROPCS WIRELESS, INC.,

         Defendant.
_____/
```

## ORDER

This matter comes before the Court pursuant to Plaintiffs' Motion to Equitably Toll the Statute of Limitations (Doc. # 122), which was filed on December 9, 2013. Defendant MetroPCS Wireless, Inc. filed a Response in Opposition to the Motion on December 19, 2013. (Doc. # 126). For the reasons that follow, the Motion is denied.

## I. Background

On May 14, 2013, Plaintiffs filed a Motion for Conditional Certification of this FLSA action. (Doc. # 33). On June 12, 2013, Plaintiffs filed a Motion for Preliminary Injunction (Doc. # 57), in which Plaintiffs alleged, inter alia, that Defendant engaged in intimidating activity designed to deter Account Service Representatives from participating in this action. Among other allegations, Plaintiffs maintained that "Defendant required many of their current ASRs to execute a cookie cutter Declaration, in which each ASR declares that

they do not intend to join the case." (Id. at 8). Because the Motion for Preliminary Injunction contained allegations regarding Defendant's alleged interference with the opt-in process, the Court held the Motion for Conditional Certification in abeyance pending resolution of the Motion for Preliminary Injunction. (Doc. # 93). The Magistrate Judge held a hearing on the Motion for Preliminary Injunction, and on August 9, 2013, he issued a Report and Recommendation recommending that the Motion for Preliminary Injunction be denied. (Doc. # 100). On September 13, 2013, after considering Plaintiffs' objections and Defendant's response, the Court adopted the Report and Recommendation by denying the Motion for Preliminary Injunction. (Doc. # 111). On December 16, 2013, the Court granted the Motion for Conditional Certification. (Doc. # 125). The Court directed the parties to file a status report regarding notice to the class by December 30, 2013. (Id.).

By their present Motion, Plaintiffs seek an Order tolling the statute of limitations for future opt-in Plaintiffs to March 18, 2013, the filing date of the Complaint in this case.

## II. Equitable Tolling

"Equitable tolling is the doctrine under which plaintiffs may sue after the statutory time period has expired if they

2

have been prevented from doing so due to inequitable circumstances." Ellis v. Gen. Motors Acceptance Corp., 160 F.3d 703, 706 (11th Cir. 1998). In Wallace v. Kato, the Supreme Court described equitable tolling as "a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." 549 U.S. 384, 396 (2007). In the Eleventh Circuit, the doctrine is "applied sparingly." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Downs v. McNeil, 520 F.3d 1311, 1324 (11th Cir. 2008).

Defendant has not challenged that Plaintiffs have diligently pursued their rights in this action. The issue before the Court is whether extraordinary circumstances warrant equitable tolling. Plaintiffs contend that such extraordinary circumstances exist because the Motion for Conditional Certification was pending for seven months before being granted by the Court. Plaintiffs' comparison of the present case to Gutescu v. Carey International, Inc., No. 01-cv-4026, 2004 U.S. Dist. LEXIS 31105 (S.D. Fla. Feb. 25, 2004), a FLSA case where equitable tolling was applied, is

3

inapplicable. There, the court approved notice to the class after the motion for conditional certification had been pending for over a year and six months. Id. at *12. The court indicated: "for a multiplicity of reasons the Motion to Certify Class remained pending for an unusual amount of time, such that tolling of the statute of limitations during the pendency of the motion is equitable." Id.  While it is "unusual" for a motion for conditional certification to remain pending for 18 months, it is not "extraordinary" for such a motion to remain pending for seven months, as was the case here.  See, e.g., Fiore v. Goodyear Tire & Rubber Co., No. 2:09-cv-843, 2011 U.S. Dist. LEXIS 24371, at *10 (M.D. Fla. Mar. 10, 2011)("plaintiff has failed to demonstrate that extraordinary circumstances warrant tolling of the statute of limitations" even though it took the court nine months to grant the FLSA motion for conditional certification); Love v. Phillips Oil, Inc., No. 3:08-cv-92, 2008 U.S. Dist. LEXIS 102366, at *6-8 (N.D. Fla. Dec. 9, 2008)(rejecting FLSA plaintiffs' request for equitable tolling when the motion for conditional certification was pending for nine months before being granted by the court); Pendlebury v. Starbucks Coffee Co., No. 04-80521, 2008 U.S. Dist. LEXIS 20089 (S.D. Fla. Mar. 13, 2008)(rejecting plaintiffs' argument that statute of

limitations in FLSA action should be equitably tolled because it took the court six months to rule on the motion for conditional certification and four months to approve the notice to the potential class members).

Furthermore, courts in the Eleventh Circuit routinely deny motions like the present one because, during the pendency of the Motion for Conditional Certification, "putative class members had two options for filing a timely claim: (1) opt into this collective action if they were aware of it, or (2) file an individual FLSA action." Ramos-Barrientos v. Bland, No. 606cv089, 2010 U.S. Dist. LEXIS 37562, at *5 (S.D. Ga. Apr. 15, 2010); Bobbitt v. Broadband Interactive, Inc., No. 8:11-cv-2855, 2012 U.S. Dist. LEXIS 96551, at *7-8 (M.D. Fla. July 12, 2012)(at any time during the 13 month period in which the motion for conditional certification was pending, any putative class member "could have chosen to file suit against [defendant], as nothing precluded them from doing so."); see also Longcrier v. HL-A Co., Inc., 595 F. Supp. 2d 1218, 1243-44 (S.D. Ala. 2008)(no equitable tolling "during the pendency of a conditional class certification request."). Furthermore, this Court "did nothing to lull putative class members into inaction, so equitable tolling is not appropriate." Ramos-Barrientos, 2010 U.S. Dist. LEXIS 37562, at *5.  Thus, the

5

Court declines to apply the extraordinary remedy of equitable tolling to this matter.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiffs' Motion to Equitably Toll the Statute of Limitations (Doc. # 122) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 26th day of December, 2013.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record