UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAREN PALMA and HALLIE SELGERT,

　　　　Plaintiffs,

v.　　　　　　　　　　　　　Case No.　8:13-cv-698-T-33MAP

METROPCS WIRELESS, INC.,

　　　　Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to the parties' Joint Notice of Filing Proposed Class Notices and Status Report (Doc. # 128), which was filed on December 30, 2013.  Therein, the parties provide their respective proposed forms of notice to the class and briefs regarding dissemination of class notice and other issues in this Fair Labor Standards Act collective action.  The parties provided further analysis in submissions filed on January 8, 2014 (Doc. # 129) and January 13, 2014. (Doc. # 130).

For the reasons that follow, the Court adopts Plaintiffs' form of class notice, authorizes email notice to the class, but does not authorize the dissemination of "reminder postcards" to the class.

**I.　Background**

On December 16, 2013, the Court granted Plaintiffs' Motion to Conditionally Certify Collective Action and

Facilitate Notice to Potential Class Members. (Doc. # 125).
In that Order, the Court conditionally certified a national
class of Account Service Representatives ("ASR") and directed
the parties to confer regarding the content of the proposed
class notice and the means of disseminating the notice to the
class.  The parties' proposed notices and briefs are before
the Court (Doc. ## 128-130).

**II.  <u>Content of Class Notice</u>**

The Court notes, and the parties agree, that the dueling
forms of class notice are strikingly similar in content.  The
salient differences between the two forms of class notice are
(1) Plaintiffs' proposed notice states that it is "Court-
Authorized;" (2) Plaintiffs' proposed notice states that ASRs
who previously signed declarations indicating that they would
not join the action are still eligible to participate in the
action; and (3) Plaintiffs' proposed notice contains anti-
retaliation language.

**A.  <u>Court-Authorized Notice</u>**

Court-authorized notice in a class action context helps
to prevent "misleading communications" and ensures that the
notice is "timely, accurate, and informative." <u>Hoffmann-La
Roche, Inc. v. Sperling</u>, 493 U.S. 165, 171 (1989).  The Court
determines that it is appropriate to adopt Plaintiffs'

2

proposed class notice as modified herein because it is consistent with these aims. The Court recognizes that the notice to the class should not appear to be weighted in favor of one side or the other. As enunciated in Hoffmann-La Roche, "in exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality. To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action." Id. at 174.

Defendant contends that describing the notice as "Court-Authorized" reflects that the Court endorses participation in the action by Account Service Representatives. The Court disagrees. The first statement in Plaintiffs' proposed notice is that: "This is a Court-Authorized Notice and is not a Solicitation from a Lawyer. The Court Has Made No Finding as to the Merits of the Case at this Time." (Doc. # 128-1 at 1)(emphasis added). The notice also contains other statements reflecting the Court's neutrality, including the statement that: "The Court has not yet decided whether Defendant has done anything wrong or whether this case will proceed to trial." (Id. at 2). The Court has assessed Plaintiffs' proposed class notice and determines that it does not contain any statements which detract from the Court's neutrality or

3

show an endorsement of Plaintiffs' position.[1]

**B.     ASR Declarations Disavowing Interest in the Action**

The Court has also considered Defendant's objection to the statement in Plaintiffs' proposed notice indicating that: "All ASRs who meet this description are eligible to join this case, even if they previously signed a declaration stating that they did not intend to join the case." (Doc. # 128-1 at 2).  Defendant correctly points out that this Court previously denied Plaintiffs' motion for issuance of a corrective notice to the class. (Doc. # 111).  However, the Court's decision to deny Plaintiffs' Motion for a Preliminary Injunction, including the issuance of a corrective notice, differs from the present inquiry, which concerns the content of the class notice.

The record reflects that a number of Account Service Representatives signed declarations indicating their disinterest in this action, and those very same declarations were submitted to the Court by Defendant in an effort to convince the Court that conditional certification was not

---

[1]  The Court also rejects Defendant's contention that Plaintiffs' proposed notice to the class is one sided or overly favorable to Plaintiffs.  The Court finds that Plaintiffs' proposal adequately describes both sides' respective positions in a neutral manner.

warranted.    At    this    juncture,    the    action    has    been conditionally certified and the Court determines that it is appropriate to explain to the Account Service Representatives who signed a contrary declaration that they may join the action, if they so elect.

### C.   <u>Anti-Retaliation Language</u>

Plaintiffs' proposed class notice contains the following anti-retaliation language in boldface type:

> The law prohibits anyone from discriminating or retaliating against you for taking part in this case.  If you believe that you have been penalized, disciplined, punished, threatened, intimidated, or discriminated against in any way as a result of your receiving this notification, your considering whether to complete and submit the Notice of Consent, or your having submitted the Notice of Consent, you may contact Morgan & Morgan, P.A. at the number provided above.

(<u>Id.</u> at 3).

Although the Court generally does not find anti-retaliation language to be objectionable in class action notices, the Court finds that the language proposed by Plaintiffs crosses the line from informative to an inappropriate solicitation.  The Court directs that the notice to the class omit the proposed anti-retaliation language.  The Court determines that it is nevertheless appropriate to include anti-retaliation language in the notice.  The Court

directs that the following neutral statement be included: "Federal law prohibits Defendant from firing you or in any way discriminating against you because you have joined in this lawsuit. Therefore, Defendant is prohibited from discharging you or retaliating against you in any other manner because you choose to participate in this lawsuit. Participating in the lawsuit does not excuse current employees from complying with Defendant's existing policies and work rules." Similar language was utilized in Abdul-Rasheed v. Kablelink Communications, LLC, 8:13-cv-879-T-24MAP, a FLSA action currently pending in this division.

## III. Dissemination of Class Notice

The parties agree that the notice should be furnished to class members by first class mail. Plaintiffs submit that the notice should also be furnished to the class via email and that additional "reminder postcards" should be sent to the class after the initial dissemination of class notice. After due consideration, the Court determines that it is appropriate to send notice to the class via first class mail as well as via email. A number of courts have determined that email is an inexpensive and appropriate means of delivering notice of an action to a class. See e.g. Stuven v. Texas De Brazil (Tampa) Corp., No. 8:12-cv-1283-T-24TGW, 2013 U.S. Dist. LEXIS

6

22240, at *17 (M.D. Fla. Feb. 19, 2013)(approving notice to FLSA class via email); Cooper v. E. Coast Assemblers, Inc., No. 12-cv-80995-MARRA, 2013 U.S. Dist. LEXIS 10435, at *11 (S.D. Fla. Jan. 25, 2013)("Plaintiff's counsel may email the Notice in addition to its mailing."); Phelps v. MC Commc'ns, Inc., No. 2:11-cv-423, 2011 U.S. Dist. LEXIS 84428, at *17 (D. Nev. Aug. 1, 2011)("The Court will permit Plaintiffs to email the notice to those employees for whom Defendants have email addresses, as well as send it by first class mail.  Email is an efficient, reasonable, and low cost supplemental form of notice, particularly where Defendants may lack current physical mailing address information for its former employees.").

However, the Court determines that it is not necessary to send any class members "reminder post cards." Sending a putative class member notice of this action is informative; sending them a "reminder" is redundant. See e.g. Rojas v. Garda CL Southeast, Inc., No. 13-cv-23173, 2013 U.S. Dist. LEXIS 179595, at *34-35 (S.D. Fla. Dec. 23, 2013)("a reminder notice is unnecessary and potentially could be interpreted as encouragement by the Court to join the lawsuit."); Robinson v. Ryla Teleservices, Inc., No. 11-cv-131, 2011 U.S. Dist. LEXIS 147027, at *21 (S.D. Ala. Dec. 21, 2011)(finding a reminder

"would be at odds with the purpose for judicial notice--which is simply to inform potential class members of their rights. Once they receive that information, it is their responsibility to act as they see fit.").

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)    The Court approves Plaintiffs' proposed class notice (Doc. # 128-1) as explained and modified herein.

(2)    The Court approves dissemination of class notice via first class mail and via email.  The Court rejects Plaintiffs' proposal of sending a reminder postcard.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 22nd day of January, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record

8