```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                   TAMPA DIVISION
```

KAREN PALMA and HALLIE SELGERT,

    Plaintiffs,
v.                                Case No.  8:13-cv-698-T-33MAP

METROPCS WIRELESS, INC.,

    Defendant.
_____/

## ORDER

This matter comes before the Court pursuant to Defendant's Motion to Approve Consent Form (Doc. # 139), which was filed on February 6, 2014. Plaintiffs filed a Response in Opposition to the Motion on February 10, 2014. (Doc. # 140). For the reasons that follow, the Court grants the Motion in part and denies the Motion in part.

## I.   Background

Plaintiffs Karen Palma and Hallie Selgert, Account Service Representatives currently employed by Defendant MetroPCS Wireless, Inc. filed a Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA") action for unpaid overtime wages against MetroPCS on March 18, 2013. (Doc. # 1). Thereafter, on May 14, 2013, Plaintiffs filed an Amended Complaint. (Doc. # 31). The Amended Complaint is styled as a putative collective action, and several individuals have executed Consent Forms indicating their consent to join in the action

against MetroPCS. In particular, the following Account Service Representatives, in addition to Palma and Selgert, have opted into the litigation by executing Consent Forms: Linda Prevalon on March 21, 2013 (Doc. # 7); Hector Casta on March 29, 2013 (Doc. # 8); Lisa Hobday on April 1, 2013 (Doc. # 9); Eduardo Villar on April 2, 2013 (Doc. # 10); Christopher Smith on April 11, 2013 (Doc. # 16); Aixa Reynolds on April 22, 2013 (Doc. # 20); Gerald Jusino on June 18, 2013 (Doc. # 59); Yvonne Pacheo on July 3, 2013 (Doc. # 69); and Ann Bush on November 12, 2013 (Doc. # 116).

Each Consent Form mentioned above contains identical language, which follows:

- I consent to join the above styled lawsuit seeking damages for unpaid wages under the FLSA;
- I am similarly situated to the named Plaintiffs in this matter because I performed similar duties for the Defendant[] and was paid in the same regard as the named Plaintiffs;
- I authorize the named Plaintiffs to file and prosecute the above referenced matter in my name, and on my behalf, and designate the named Plaintiffs to make decisions on my behalf concerning the litigation, including negotiating a resolution of my claims, and understand I will be bound b[y] such decisions;
- I agree to be represented by Morgan and Morgan, counsel for the named Plaintiffs;
- In the event this action gets conditionally certified and then decertified, or for any reason does not proceed as a collective

2

>           action, I authorize Plaintiffs' counsel to
>           reuse this Consent Form to re-file my claims
>           in a separate or related action against
>           Defendant[].

(Id.).[1]

In consideration of the executed Consent Forms and other matters, on December 16, 2013, the Court granted Plaintiffs' Motion for Nationwide Conditional Certification. (Doc. # 125). In granting conditional certification, the Court noted that the parties disagreed regarding the proposed Class Notice, and accordingly directed the parties to provide further briefing on that issue by December 30, 2013. (Id.). The parties promptly filed their proposed forms of Class Notice, and on January 22, 2014, the Court entered an Order analyzing the parties' positions, approving Plaintiffs' proposed Class Notice with modification, and authorizing dissemination of Class Notice by mail and email. (Doc. # 132). Notably, at that time, neither party raised the issue of the content of the Consent Form.

**II. Consent Form**

Although Plaintiffs have utilized their Consent Form from

---

[1] The Court has altered the language of Plaintiffs' Consent Form as indicated with the inclusion of brackets to reflect that there is only one Defendant in this action and to replace the word "be" with "by" to correct a typographical error.

3

as early as March 21, 2013, Defendant, for the first time, raises an objection to the content of the Form. Defendant has prepared its own version of the Consent Form, which differs substantially from Plaintiffs' Consent Form. Defendant requests an Order approving its Consent Form. In addition, Defendant points out that Plaintiffs recently proposed disseminating a "Contact Information" sheet along with the Notice to the Class and Consent Form. (Doc. # 139-3). Defendant objects to the dissemination of the "Contact Information" sheet.

The Court determines that Defendant has waived its objection to the language contained in Plaintiffs' Consent Form. That language has been consistently utilized for the duration of this action. In addition, the Consent Form does not contain any language which appears to this Court to be overreaching or otherwise inappropriate considering the nature of the action and the posture of the proceedings. Therefore, the Court authorizes Plaintiffs' continued use of its Consent Form.

However, the Court does not authorize Plaintiffs to disseminate the proposed "CONTACT INFORMATION" sheet in the same packet as the Court-Authorized Notice to the Class. Plaintiffs' proposed "CONTACT INFORMATION" sheet directs the

recipient to "**PLEASE COMPLETE AND RETURN!**" thereby suggesting that the Court requires the recipient to provide the information requested in the Form. The Court notes that some of the information requested in the "CONTACT INFORMATION" sheet appears to be excessive and is not "contact information" at all. For instance, there is a request for the "Name and Number of [a] *secondary person* we can contact you at" as well as the inquiry: "Do you have any documents (paystubs, timesheets, memos, emails) ____, if so, please forward a copy to our office." (Doc. # 139-3).

It may be appropriate for Morgan and Morgan to request that type of information from an individual once such individual has authorized Morgan and Morgan to represent them in this matter. However, it is not appropriate for Morgan and Morgan to include these intrusive questions and requests for documentation in connection with the Court-Authorized Class Notice, which is being sent to individuals who have not yet decided whether they plan to join the action. Thus, Plaintiffs are not permitted to include the proposed "CONTACT INFORMATION" sheet in conjunction with the dissemination of the Class Notice.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

5

Defendant's Motion to Approve Consent Form (Doc. # 139) is **GRANTED IN PART AND DENIED IN PART** as follows:

(A) The Motion is denied to the extent that the Court declines to utilize Defendant's proposed Consent Form and authorizes Plaintiffs to utilize the same Consent Form that they have consistently utilized in this action.

(B) The Motion is granted to the extent that Plaintiffs are not permitted to include their proposed "CONTACT INFORMATION" sheet with the dissemination of the Class Notice.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 18th day of February, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record