```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                        TAMPA DIVISION
```

KAREN PALMA and HALLIE SELGERT,

        Plaintiffs,
v.                                Case No. 8:13-cv-698-T-33MAP

METROPCS WIRELESS, INC.,

        Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiffs' Statement of Undisputed Facts in Support of Plaintiffs' Motion for Partial Summary Judgment (Doc. # 241) and Plaintiffs' Motion for Partial Summary Judgment (Doc. # 242), both filed on May 21, 2014. As explained below, the Court strikes Plaintiffs' Statement of Undisputed Facts.

**Discussion**

Local Rule 3.01(a) states: "In a motion or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request, all of which the movant shall include in a single document not more than twenty-five (25) pages."

Acknowledging the Court's page limitation and single document requirements as specified in the Local Rule above, Defendant filed both a Motion for Leave to Exceed Page Limits

(Doc. # 221) and a Motion requesting permission to file a separate statement of facts in connection with the filing of a motion for summary judgment (Doc. # 222). On April 28, 2014, the Court denied both motions and held:

> Defendant's Motion for Leave to Exceed Page Limitation on Class Decertification Motion [221] seeks permission to file a 40-page motion for decertification in this FLSA action, and Defendant's Motion for Leave to Exceed Page Limits on Motion for Summary Judgment [222] seeks permission to file "a separate statement of facts, not to exceed 25 pages in length" in addition to a 25-page motion for summary judgment. The Court denies the Motions. The Court has already addressed a number of substantive issues in this action and is familiar with the relevant law applicable in FLSA actions. Accordingly, it is not necessary for Defendant to exceed the page limitations established by the Court's Local Rules.

(Doc. # 223).

On May 21, 2014, Plaintiffs filed a 26-page Motion for Partial Summary Judgment (Doc. # 242) as well as a separate 17-page Statement of Undisputed Facts in Support of Plaintiffs' Motion for Partial Summary Judgment (Doc. # 241). Both of Plaintiffs' referenced filings attach different exhibits. The Local Rules mandate that Plaintiffs' Motion for Partial Summary Judgment and Statement of Undisputed Facts be filed as a single document limited to 25 pages. If Plaintiffs were unaware of the requirements of the Local Rules, Plaintiffs should have recognized the Court's requirements

when the Court issued its decision denying Defendant's request to file a separate statement of facts in addition to a 25-page motion for summary judgment. (Doc. # 223).  It should also be noted that the Court's Case Management and Scheduling Order crystalizes that "the motion for summary judgment and supporting memorandum of law shall be presented in a single document of not more than twenty-five pages." (Doc. # 138 at 6).

The Court accordingly strikes Plaintiffs' Statement of Undisputed Facts in Support of Plaintiffs' Motion for Partial Summary Judgment (Doc. # 241) and directs the Clerk to remove the document from the record.  The Court would also be justified in striking Plaintiffs' Motion for Partial Summary Judgment because it is 26-pages in length.  However, the Court exercises its discretion not to strike that submission at this juncture.[1]

---

[1] The Court notes that both sides have tendered summary judgment motions which are 26-pages in length, and thus, both sides have violated Local Rule 3.01(a) as well as the Court's Case Management and Scheduling Order.  The Court finds Defendant's infraction less offensive because the twenty-sixth page of its summary judgment motion contains only a certificate of service and signature block, while Plaintiffs' twenty-sixth page contains argument for the Court's consideration.  The Court will not strike the motions for summary judgment but admonishes the parties that further violations of the Local Rules will not be tolerated.

3

The Court authorizes Plaintiffs to file a consolidated Motion for Summary Judgment on or before May 23, 2014, at noon, limited to 25 pages.  If Plaintiffs fail to do so, the Court will not consider the stricken Statement of Undisputed Facts in Support of Plaintiffs' Motion for Partial Summary Judgment, including all exhibits attached thereto, in conducting its summary judgment analysis.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiffs' Statement of Undisputed Facts in Support of Plaintiffs' Motion for Partial Summary Judgment (Doc. # 241) is **STRICKEN**.  The Clerk is directed to remove this unauthorized filing from the Court's record.

(2) Plaintiffs are authorized to file a consolidated Motion for Partial Summary Judgment on or **BEFORE MAY 23, 2014, AT NOON**, limited to 25 pages.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 22nd day of May, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record

4