```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION

KAREN PALMA and HALLIE SELGERT,

        Plaintiffs,
v.                                 Case No.  8:13-cv-698-T-33MAP

METROPCS WIRELESS, INC.,

        Defendant.
_____/
```

**ORDER**

This matter is before the Court pursuant to Plaintiffs' Unopposed Motion to File Exhibit to Plaintiffs' Motion for Partial Summary Judgment Under Seal (Doc. # 243), which was filed on May 21, 2014.  For the reasons that follow, the Court denies the Motion without prejudice.

**Analysis**

Plaintiffs seek an Order authorizing Plaintiffs to file the following documents under seal: "(a) Corporate Structure Chart; (b) Employee Handbook; (c) various policies; (d) Indirect Dealer Agreement; (e) 2011 Blueprint for Success; (f) MetroPCS' Dealer Approved Collateral Guide; (g) Summary of P1 and P2 (setting forth basic ASR job parameters)." (Doc. # 243 at 1).  Plaintiffs submit that the documents should be sealed because "on March 20, 2014, the parties to this litigation entered into a confidentiality stipulation prior to the production of these documents. . . . Subsequently, this Court

entered [the] Stipulated Protective Order." (<u>Id.</u> at 2). Plaintiffs assert that "Defendant expressly produced these documents subject to the stipulation of the confidentiality and/or terms of the Stipulated Protective Order." (<u>Id.</u>) Plaintiffs suggest that the documents should remain under seal indefinitely.

In this district, the proponent of a motion to seal must include: (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason for sealing each item; (iv) the reason that a means other than sealing is unsatisfactory to preserve the interest advanced by the motion to seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of law. <u>See</u> Local Rule 1.09(a), M.D. Fla. The relevant rule also states: "Unless otherwise ordered by the Court for good cause shown, no order sealing any item pursuant to this section shall extend beyond one year, although a seal is renewable by a motion that complies with (b) of this rule, identifies the expiration of the seal, and is filed before the expiration of the seal." <u>See</u> Local Rule 1.09(c), M.D. Fla.

In the case of the present Motion, Plaintiffs fail to satisfy the requirements of Local Rule 1.09. The Court acknowledges that Plaintiffs have enumerated the items to be

2

sealed, but Plaintiffs have not shown why any of the exhibits should be sealed or provided the other relevant information required by Local Rule 1.09. Rather, Plaintiffs argue: "because the residents whose information is contained in these records are not parties, there is even more reason that their private information should be protected." (Doc. # 243 at 2-3). This argument is not cogent under the facts presented in this case and does not warrant an Order sealing any of the documents referenced in the Motion.

Furthermore, while the Court recognizes that the parties have entered into a confidentiality agreement, the Court has explained in its Case Management and Scheduling Order governing the course of these proceedings that "[w]hether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. Motions to file under seal are disfavored, and such motions will be denied unless they comply with Local Rule 1.09." (Doc. # 138 at 5).

In addition to the technical requirements of the Court's Local Rules, the law of the Eleventh Circuit requires a strong showing by the proponent of a motion to seal before the Court will deny public access to judicial proceedings. As explained by the Eleventh Circuit in <u>Brown v. Advantage Engineering,</u>

3

Inc., 960 F.2d 1013, 1016 (11th Cir. 1992), "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but is also the public's case."  American courts recognize a general right "to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Comms., Inc., 435 U.S. 589, 597 (1978).

The Eleventh Circuit has noted, "The operation of the courts and the judicial conduct of judges are matters of utmost public concern and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007)(internal citations omitted).  The court further explained, "This right of access includes the right to inspect and copy public records and documents.  This right of access is not absolute, however [and] may be overcome by a showing of good cause." Id.

The First Amendment to the United States Constitution also provides a qualified right of access to trial proceedings, although this right "has a more limited application in the civil context than it does in the criminal [context]." Chi. Tribune Co. v. Bridgestone/Firestone, Inc.,

4

263 F.3d 1304, 1310 (11th Cir. 2001). Where this constitutional right of access applies, any denial of access requires a showing that it "is necessitated by a compelling governmental interest, and is narrowly tailored to [serve] that interest." Id.

In addition to failing to meet the requirements of the Local Rules, Plaintiffs have not shown good cause to override the common law and First Amendment rights of the public to review court documents. The Motion is accordingly denied without prejudice.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Plaintiffs' Unopposed Motion to File Exhibit to Plaintiffs' Motion for Partial Summary Judgment Under Seal (Doc. # 243) is **DENIED** without prejudice.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 22nd day of May, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

5