UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAREN PALMA, et al.,

    Plaintiffs,
v.                           Case No. 8:13-cv-698-T-33MAP

METRO PCS WIRELESS, INC.,

    Defendant.
_____/

**ORDER**

    This matter is before the Court pursuant to the parties' Joint Motion for Review and Approval of Settlement Agreement and Order of Judgment Dismissing Case With Prejudice (Doc. # 269), which was filed on August 4, 2014. The Court grants the Motion as explained below.

**I.  Background**

    Plaintiffs Karen Palma and Hallie Selgert are employees of Defendant MetroPCS and serve as Account Service Representatives in Tampa, Florida. (Doc. # 31 at ¶¶ 9-10). Plaintiffs assert that they routinely worked overtime hours; however, because MetroPCS classified all Account Service Representatives as exempt employees, they were paid a salary plus commissions instead of overtime premiums. (Id. at ¶¶ 60-64). Plaintiffs allege that the failure of MetroPCS to pay Plaintiffs the statutory overtime rate of one-and-one-half times Plaintiffs' regular rate of pay constitutes a violation of the Fair Labor Standards Act, 29 U.S.C. § 207. (Id. at ¶¶

90-98).

On December 16, 2013, the Court entered an order pursuant to 29 U.S.C. § 216(b) conditionally certifying a national class of MetroPCS Account Service Representatives. (Doc. # 125). On January 22, 2014, the Court approved Plaintiffs' form of notice to the class and authorized notice to the class via electronic mail and first class mail. (Doc. # 132). Sixty-nine Account Service Representatives have joined the action. (Doc. # 269 at 1).

At this juncture, the parties have reached a settlement and request Court approval of the same.

**II.  Settlement Terms**

The parties explain that MetroPCS has agreed to create a settlement fund in the amount of $550,000.00 in order to resolve Plaintiffs' FLSA claims. (Id. at 6). "The Fund will cover awards to class members, Court-approved attorneys' fees and costs, Court-approved service payments to Plaintiff Selgert and one opt-in Plaintiff, Hector Casta, and the cost of administering the FLSA settlement." (Id. at 6-7).

    **A.  Distributions to Plaintiffs**

There are sixty-nine opt-in Plaintiffs, however, there is "no hard data on the number of hours actually worked" by these individuals. (Id. at 8 n. 2). Accordingly, the parties have crafted a settlement in which each opt-in Plaintiff will

"receive credit for slightly more than five (5) overtime hours of work for each week that they worked within the applicable limitations period." (Id. at 8). While each opt-in Plaintiff is getting a different amount, the parties represent that "FLSA class members will receive an average of $7,971.01, before attorney's fees, costs and administration fees are deducted (approximately $5,314.01 net of these amounts)." (Id.).

In addition to these distributions, the settlement calls for a service payment to named Plaintiff Hallie Selgert in the amount of $5,000.00 and a service payment to opt-in Plaintiff Hector Casta in the amount of $1,000.00. The parties explain that these individuals contributed to the case by completing discovery responses and appearing for depositions.

**B. Attorneys' Fees**

Counsel for Plaintiffs, Andrew Frisch, Esq., filed a detailed declaration in which he represents that he spent 1,003 hours litigating this case. (Doc. # 269-1 at ¶ 57).[1] He explains, "Although my reasonable hourly rate has been approved at a rate of between $325 and $475, even calculating a lodestar based on the lower end of the spectrum, my lodestar

---

[1] The settlement also contains a provision for the settlement administrator, Simpluris, to be paid from the common fund. The estimated amount to paid to Simpluris is $4,000.00. (Doc. # 269 at 9).

3

would be approximately $325,000.00 based on the number of hours of work on the case." (Id. at ¶ 58). Attorney Frisch has supported this statement with a forty-four page fee and cost ledger containing itemized entries for the work completed in this case. (Doc. # 269-2).

However, rather than seeking $325,000.00 under the lodestar, Attorney Frisch seeks 33.3% of the common fund stated above, which amounts to $183,333.33.

### III. Discussion

#### A. Lynn's Food Bona Fide Dispute and other Factors

In considering settlement of FLSA claims, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute." See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354–55 (11th Cir.1982). "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Id. at 1353. If such a settlement reflects "a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." Id. at 1354.

When considering a motion to approve a FLSA settlement,

courts also consider a number of factors, including:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel.

<u>Su v. Electronic Arts, Inc.</u>, No. 6:05-cv-131-Orl-28JGG, 2006 U.S. Dist. LEXIS 98894, at *8 (M.D. Fla. Aug. 29, 2006) (citing <u>Leverso v. S. Trust Bank of Ala. Nat'l Assoc.</u>, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)).  In weighing these factors, "the Court should keep in mind the strong presumption in favor of finding a settlement fair." <u>Dail v. George A. Arab, Inc.</u>, 391 F. Supp. 2d 1142, 1145 (M.D. Fla. 2005).

Here, the Court's review of the file as a whole demonstrates that the parties have a bona fide dispute over the application of the FLSA.  While Plaintiffs claim that they were wrongfully classified as exempt from the FLSA, MetroPCS maintains that the "administrative exemption" and "outside sales exemption" of the FLSA apply.  The parties filed detailed and voluminous motions for summary judgment on this factually driven issue, further highlighting the existence of a bona fide dispute.

In addition, because there are no time records for the Plaintiffs "due to the fact that Defendant failed to keep time records for Plaintiffs . . . based on their belief that such

5

employees were exempt from the FLSA's overtime provision," it is "impossible to say with any specificity how many overtime hours [Account Service Representatives] worked each week." (Doc. # 269 at 12). The complete absence of time records is a factor to be considered in the reasonableness of the settlement. There is also a bona fide dispute regarding whether any violation of the FLSA by MetroPCS could be classified as "willful" and not subject to a "good faith" defense, such that Plaintiffs would be entitled to liquidated damages. (Id.).

In addition to finding that the parties' agreement resolves a bona fide dispute, the Court's review of other relevant factors militates in favor of approving the settlement. Specifically, it appears that the parties reached a settlement due to the presence of factual disputes and legal uncertainties, rather than based on the influence of fraud or collusion. Furthermore, the settlement was reached after completion of discovery such that both sides were able to fully analyze the relative strengths and weaknesses of their positions before reaching an accord.[2] The complexity,

---

[2] In the Motion, the parties represent that "MetroPCS produced tens of thousands of pages of documents in response to Plaintiffs' document requests, including corporate policies, training materials, payroll records, personnel files, production reports, emails, and memoranda. In addition, the parties conducted the depositions of eight Plaintiffs, as well as two (2) separate all-day depositions of

expense, and likely duration of the litigation also weighs in favor of approving the settlement. While most FLSA actions are not complex, the pendency of the parties' motions for summary judgment, MetroPCS's motion for decertification of the FLSA collective action, and MetroPCS's motion in limine adds a layer of complexity which distinguishes this case from other FLSA actions. In addition, absent approval of the settlement, both sides would face the expense of a five-day jury trial in October of 2015. (Doc. # 138). Consideration of the range of possible recovery also highlights that the settlement reached is fair and worthy of Court approval. As noted in the parties' present Motion, each of the Plaintiffs initially claimed that they worked between 10-20 overtime hours in each week. (Doc. # 269 at 14). However, discovery revealed that "the true number of overtime hours that Plaintiffs [] claimed was, on average, between 1-10 hours per week." (Id.). Under the parties' present settlement, each Plaintiff is recovering an amount that represents an award of five overtime hours per week, which is a fair compromise, especially given the strength of MetroPCS's defenses and the lack of documentation for overtime hours. (Id.).

In addition, as addressed by the parties in great detail

---

MetroPCS's designated corporate representative witnesses. Plaintiffs' counsel also interviewed many of the opt-in Plaintiffs." (Doc. # 269 at 3).

in the present Motion, counsel for both sides agree that the settlement is in the best interest of all parties: "Plaintiffs . . . recognize and acknowledge the uncertain outcome and risk of any litigation, the difficulties and delays inherent in such litigation, and the likelihood of protracted appellate review" and MetroPCS "believe[s] that further litigation with respect to Plaintiffs would be protracted, expensive, and contrary to MetroPCS's best interest." (Id. at 15).

Thus, the Court's evaluation of the relevant factors and the Court's careful scrutiny of the parties' agreement leads the Court to conclude that the settlement is a fair and reasonable compromise of the parties' dispute.

### B. Reasonableness of Attorneys Fees

Furthermore, this Court is duty-bound to scrutinize the attorneys fees requested in this FLSA case as directed by the Eleventh Circuit in Silva v. Miller, 307 F. App'x 349 (11th Cir. 2009). There, the court explained:

> FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee.

Id. at 352.

The Court is afforded broad discretion in addressing attorneys fees issues. See Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001)("Ultimately, the computation of a fee award is necessarily an exercise of judgment because there is no precise rule or formula for making these determinations.")(internal citation omitted).

Attorneys in class litigation are entitled to compensation for their services from the common fund, but the amount is subject to court approval. Camden I Condo. Ass'n, Inc. v. Dunkle, 946 F.2d 768, 771 (11th Cir. 1991). A number of courts have utilized the common fund method of compensating counsel in FLSA collective actions. See, e.g., Hosier v. Mattress Firm, Inc., No. 3:10-cv-294-J-32JRK, 2012 U.S. Dist. LEXIS 94958, at *16 (M.D. Fla. June 8, 2012)(report and recommendation adopted on July 10, 2012))(approving attorney fees in FLSA collective action in the amount of $480,000.00, which represented 30% of the common fund of $1.6 million); Su, 2006 U.S. Dist. LEXIS 98894, at *18 (M.D. Fla. Aug. 29, 2006)(report and recommendation adopted on Sept. 20, 2006)(approving attorney fees in FLSA collective action in the amount of $120,000.00, which represented 15.3% of the common fund of $785,000.00).

In approving the FLSA common fund settlement in the Su case, the court questioned the propriety of awarding

attorneys' fees under a common fund theory (noting that FLSA collective actions are different from Rule 23, Fed. R. Civ. P., class actions), but noted that the lodestar amount of fees claimed, $150,711.00 was greater than the agreed upon payment of $120,000.00 from the common fund. Id. at *14.  The present Court is faced with the same situation.  The amount of attorneys fees requested in the present action under the common fund recovery ($183,333.33) is substantially less than the $325,000.00 lodestar figure claimed by counsel for Plaintiffs.  As noted by the Su court: "In determining the reasonableness of attorneys' fees pursuant to a fee-shifting statute or a statute with a fee-shifting provision, the 'lodestar' is generally recognized as a reasonable fee." 2006 U.S. Dist. LEXIS 98894, at *15.[3]  Here, the lodestar fee is $325,000.00.  As the amount allocated to the attorney fees in the settlement ($183,333.33) is far less than the lodestar amount, the Court concludes that $183,333.33 is a reasonable fee.

In conclusion, the Court determines that it is appropriate to approve the parties' settlement and dismiss the

---

[3] The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Id.

10

case with prejudice as requested in the Motion.

Accordingly, it is

**ORDERED**, **ADJUDGED,** and **DECREED** that**:**

(1) The parties' Joint Motion for Review and Approval of Settlement Agreement and Order of Judgment Dismissing Case With Prejudice (Doc. # 269) is **GRANTED**.

(2) The FLSA Settlement is approved.

(3) This case is dismissed with prejudice.

(4) The Clerk is directed to terminate all pending motions and to close the case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>11th</u> day of August, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

11